FILED
U.S. District Court
District of Kansas
11/18/2026
Clerk, U.S. District Court
By: MSB Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NOAH KOSTON,**

**Plaintiff,**

**v.** **CASE NO. 26-3435-JWL**

**LORNA PAULS, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Noah Koston initiated this case by filing a pro se civil complaint under 42 U.S.C. § 1983, in which he asserts claims related to events that occurred while he was incarcerated by the State of Kansas. (Doc. 1.) He has also filed motions for leave to proceed in forma pauperis (Docs. 2 and 4), which will be granted. The Court has conducted the statutorily required review of the complaint and identified deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. Accordingly, Plaintiff will be granted time to file a complete and proper amended complaint that cures the deficiencies identified in this order. If he fails to do so, this matter will be dismissed without prejudice and without further prior notice to him.

### I. Nature of the Matter before the Court

Plaintiff names as Defendants in this matter Lorna Pauls, Brianna Allsup, Juan Flores, Terrin Hackney, Harley Hester, Alan Strong, Logan Holmquist, Daniel Schnurr, Taylor Cantrell, Michelle Sullivan, Vital Core Health Strategies ("Vital Core"), Casey Walker, Lieutenant Hurdle or Hurtle, Captain Wilson, IPO Eckert, CPL Saurs or Saures, "Re-Entry Richards"; Lieutenant Richards, Captain Kip, and Misti Kroeker. (Doc. 1, p. 1-3.) Plaintiff alleges that at the relevant times, all Defendants were employed by the Kansas Department of Corrections ("KDOC"). *Id.* at

4. The complaint provides an extensive factual background to this case, which will not be detailed in this order. *Id.* at 4-9.

Highly summarized, Plaintiff contends that in December 2025, he was found to have violated terms of probation earlier imposed in four state-court cases. *Id.* at 4. He asserts that contrary to the journal entries of judgment, KDOC employees, including Defendants Sullivan and Cantrell, improperly calculated his jail-time credit, leading to his being incarcerated longer than he should have been. *Id.* at 4-5. Plaintiff also describes several interactions in July and August 2026 with various Defendants who he claims subjected him to cruel and unusual punishment and wrote him up based on false accusations and statements. *Id.* at 4-6. He asserts that he suffered conditions of confinement that constituted cruel and unusual punishment and that medical staff erroneously cleared him to be placed in a non-accessible cell. *Id.* at 5.

When Plaintiff was placed back into general population, he alleges, Defendant Hester retaliated against him by writing him up, a disciplinary report that was later dismissed after video footage contradicted the factual basis for the write-up. *Id.* at 7. He further claims that his right to freedom of speech was violated and he was submitted to cruel and unusual punishment in August 2026, when Defendant Allsup informed him in writing that if he did not stop inquiring about jail credit issues, he would be punished. *Id.* at 5. Plaintiff asserts that the response to grievances he submitted did not follow KDOC policy and led to retaliation against him by Defendants. *Id.* at 5, 7, 9. Plaintiff also claims the violation of his rights under the Equal Protection Clause and his procedural due process rights related to the grievance system. *Id.* at 6-7, 9. He further contends that he was improperly punished by loss of all of his good-time credit for a July disciplinary report, a cruel and unusual punishment that violated his right to pursue happiness. *Id.* at 8.

Plaintiff also presents factual allegations regarding the medical care he received while

incarcerated, namely that Defendant Vital Core breached his right to confidentiality during mental health treatment and effectively denied him treatment by requiring him to have sessions in earshot of other individuals. *Id.* at 8-9. Similarly, Plaintiff asserts that he was denied medical treatment "[o]n multiple occasions" for a persistent back problem, he was sick monthly because of black mold in the prison, he was exposed to asbestos, and he was provided with at least one mattress that was infested with bedbugs. *Id.* at 9. Although Plaintiff was eventually diagnosed with degenerative disc disease, he asserts that his complaints prior to the diagnosis were not taken seriously. *Id.*

In Count I of the complaint, Plaintiff alleges the violation of his rights (1) to pursue happiness, (2) to not be subjected to cruel and unusual punishment, (3) to equal protection, and (4) to a meaningful grievance appeal process. *Id.* at 11. At this point in the complaint, Plaintiff repeats the facts detailed above. *Compare id.* at 4-9 *with id.* at 11-16. The pro se complaint next includes a section titled "Supporting Facts," in which Plaintiff twice more repeats the same factual allegations. *See id.* at 16-27. Plaintiff does not specify the relief he seeks in this case, leaving the determination of appropriate relief to this Court and a jury. *Id.* at 29.

## II. Screening Standards

Because Plaintiff will be granted leave to proceed in forma pauperis, "the litigation process begins with the court screening his complaint." *See Murnahan v. Roberts*, 2011 WL 1793801, *1 (D. Kan. May 11, 2011) (unpublished memorandum and order). This is because under 28 U.S.C. § 1915(e)(2), this court must dismiss a case proceeding in forma pauperis "at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*,

551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## III. Discussion

### A. Rule 8

Even liberally construed, the complaint now before the Court fails to comply with Rule 8 of the Federal Rules of Civil Procedure.[1] Rule 8 requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (citation omitted).

> "[A]ll that is necessary [to satisfy Rule 8] is that the claim for relief be stated with brevity, conciseness, and clarity, a standard articulated many times over by federal courts throughout the country." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215, at 165 (3d ed.2004). This Court has upheld such a standard of brevity and clarity in pleadings. *See Blazer v. Black,* 196 F.2d 139, 144 (10th Cir.1952) ("[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."); *Knox v. First Sec. Bank of Utah,* 196 F.2d 112, 117 (10th Cir.1952) ("The purpose of [Rule 8] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity.").

*Chavez v. Huerfano Cnty.*, 195 F. App'x 728, 729-30 (10th Cir. Sept. 1, 2006) (unpublished).

The complaint now before the Court repeatedly asserts many specific facts, but does not do so in a way that identifies specific counts brought against specific Defendants based on particular events. In fact, despite the high level of detail in the factual allegations, the complaint alleges only one count. Even liberally construing the pro se complaint, the Court cannot determine whether Plaintiff has a plausible claim for relief against each named Defendant, nor would the complaint give opposing parties fair notice of the basis of the particular claim or claims against them. Thus, the complaint does not satisfy Rule 8.

[1] Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez*, 195 Fed. App'x at 730 (affirming dismissal without prejudice for violation of Rule 8). Rather than immediately imposing such a harsh consequence, however, the Court will allow Plaintiff an opportunity to amend his complaint to clearly set forth the basis for his claims in this matter. For the sake of efficiency, the Court will identify in this order additional deficiencies that Plaintiff should cure in any amended complaint he chooses to file.

**B. Joinder**

Although the Court cannot determine the precise nature of the claims Plaintiff wishes to bring in this case, it appears that Plaintiff has attempted in the complaint to include improperly joined claims and parties. Federal Rule of Civil Procedure 20(a)(2) governs permissive joinder of defendants and provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words,

under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*; *see also Gillon v. Federal Bureau of Prisons*, 424 F. App'x 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined separate and unrelated claims, many of them arising out of different alleged incidents against multiple defendants, court rejected plaintiff's argument that his claims were related because they all allege constitutional violations relating to his overarching allegation of retaliation by prison officials).

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed connection in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The complaint appears to name multiple defendants not shown to be connected to all claims raised in the complaint by a common occurrence or question of fact or law and it appears to contain claims not related to other claims against different defendants. Thus, the complaint violates both Rule 18(a) and 20(a)(2). Plaintiff must ensure that any amended complaint he files contains only properly joined claims and parties.

**C. Defendants**

An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that

each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

A viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Mohiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). As a result, Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights. The complaint now before the Court fails to adequately allege the direct personal participation of every named Defendant. Although the complaint identifies specific actions by some Defendants, it also uses general and collective terms such as "they" or "personnel" of Defendant Vital Core without distinguishing individual Defendants who took specific actions, making it "impossible for any of these individuals" as well as the Court "to ascertain what particular unconstitutional acts" each Defendant is alleged to have committed. *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008). In short, Plaintiff fails to clearly "isolate the allegedly unconstitutional acts of each defendant." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565, n. 10 (2007). Plaintiff must ensure that any amended complaint he files contains the required allegations of personal participation by each individual named Defendant.

Relatedly, to the extent that Plaintiff wishes to bring a claim against Vital Core, the complaint now before the Court fails to allege sufficient facts to state a plausible claim for relief. In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits

imposition of liability against municipalities under *Monell*[ *v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)]." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). A city or municipality—and thus, a corporation—may be liable under 42 U.S.C. § 1983 only when it has deprived a person of his or her constitutional rights or has caused such deprivation. *See Connick v. Thompson*, 563 U.S. 51, 60-61 (2011). A city is not liable merely for the actions of its employees under a theory of respondeat superior. *See id*. In other words, "[a] municipality is not directly liable for the constitutional torts of its employees." *Finch v. Rapp*, 38 F.4th 1234, 1244 (10th Cir. 2022) (citing *Monell*, 436 U.S. at 694). In the context of this action, that means that Defendant Vital Core is not automatically or directly liable for the alleged actions of its employees.

Rather, to succeed on a claim against Defendant Vital Core, Plaintiff "must first show a [company] policy or custom—either an official rule or one so entrenched in practice as to constitute an official policy." *See Finch*, 38 F.4th at 1244. Second, he must show that Defendant Vital Core "was deliberately indifferent to constitutional violations that were the obvious consequence of its policy," by showing that it "had 'actual or constructive notice that its action or failure to act [was] substantially certain to result in a constitutional violation' and 'consciously or deliberately [chose] to disregard the risk of harm.'" *See id.* (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). Actual notice can be established by showing "a 'pattern of tortious conduct,'" and constructive notice can be established "'if a violation of federal rights is a "highly predictable" or "plainly obvious" consequence of a [company's] action or inaction.'" *See id.* (quoting *Barney*, 143 F.3d at 1308).

If Plaintiff establishes that Defendant Vital Core was deliberately indifferent, the final step is showing "that the policy directly caused his constitutional injury . . . by showing that the [company] practice was closely related to the deprivation of rights." *Id.* These are "'rigorous

standards of culpability and causation.'" *Id.* at 1246 (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 398 (1997)). In addition, corporate liability may be premised on decisions made by employees with final policymaking authority that are relied upon by subordinates or a failure to train or supervise employees that results from a deliberate indifference to the injuries caused. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188-89 (10th Cir. 2010).

## IV. Amended Complaint Required

For the reasons set forth above, this action is subject to dismissal in its entirety for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint that cures all the deficiencies discussed in this order.[2] Plaintiff is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint.

Plaintiff must write the number of this case (26-3435) at the top of the first page of his amended complaint. He must name only defendants who may be sued under § 1983 and he must allege sufficient facts to show that each defendant personally participated in a federal constitutional violation. Plaintiff must include in the amended complaint only properly joined claims and parties.

[2] Although Plaintiff is not required to use the form complaint the Court requires prisoner plaintiffs to use, he may use the form if he wishes. As previously recognized by this Court, use of the court-approved form for filing a complaint or habeas petition aids the Court in determining the precise contours of each claim. *See Justice v. Meyer*, 2020 WL 7481673, at *1-2 (D. Kan. Oct. 15, 2020) (unpublished). The form is available at no cost upon request to the clerk's office. Again, the choice is up to Plaintiff.

For each Count, he must clearly identify the constitutional right or rights he believes was violated, the Defendant or Defendants who allegedly violated the rights, and the specific facts that support each alleged violation. Plaintiff must provide enough facts for the Court to conclude that if the facts alleged are true, he has stated a plausible claim for relief. Plaintiff should ensure that the complaint is organized clearly enough that the Court and opposing parties can determine which claims are brought against which Defendants based on which factual allegations.

If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without prejudice and without further prior notice to Plaintiff for failure to comply with Rule 8. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motions for leave to proceed in forma pauperis (Docs. 2 and 4) are **granted**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until and including **December 18, 2026,** to file a complete and proper amended complaint that cures all the deficiencies identified in this order. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff.

**IT IS SO ORDERED**.

DATED: This 18th day of November, 2026, at Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**